United States District Court
Middle District of Florida
Jacksonville Division

**DAVID WALKER,**

    *Plaintiff,*

v.                                             No. 3:20-cv-826-J-32PDB

**ANN COFFIN & JERRY L. DEMINGS,**

    *Defendants.*

___

## Report and Recommendation

David Walker, proceeding without a lawyer, brings this action under 42 U.S.C. § 1983 against Ann Coffin, the Director of the Florida Department of Revenue Child Support Enforcement Program, and Jerry Demings, the Mayor of Orange County, Florida, both in their official capacities. Doc. 1. Mr. Walker moves to proceed in forma pauperis. Doc. 5. I recommend dismissing the action without prejudice and denying the motion as moot.

Pointing to a 1992 child-support order and a 1993 default order, Mr. Walker contends Lucinda Hill gave his name to a state child support enforcement agency, he neither took a paternity test nor signed a birth certificate, the agency garnished his wages and seized his bank accounts and taxes, and he has been jailed in Orange County and his driver's license has been suspended for failure to pay a debt. Doc. 1 at 4. Under "Statement of Claim," he writes:

> Lucinda Hill started all this seeking assistance in 1992 In Orange County Florida. CSEA under the direction of Anne Coffin started a child support order against me this is when my Due Process rights were violated under the color law. Orange County leaders chose to go under a 45 CFR subsection 302.34 contract with the Child Support Enforcement Agency under which the Courts, the Sheriff, the Clerk of Courts, and the

> Prosecutor violated My rights by compliance with the provisions of IV-D of the Social Security Act which was never enacted into law which means it was done on the Color of Law.

Doc. 1 at 7–8 (errors in original). He seeks $400,000 for lost jobs, seized bank accounts, and loss of his freedom and $50,000 for inconvenience and embarrassment. Doc. 1 at 5.

Mr. Walker has unsuccessfully brought a similar action here before, suing Director Coffin and Ajit Lalchandani, the Manager of Orange County, for similar alleged violations of his rights. *See Walker v. Coffin*, 3:18-cv-770-J-32MCR. The Court dismissed the action without prejudice based on *Rooker-Feldman* and *Younger* abstention doctrines. Docs. 5, 6 (3:18-cv-770). The Court concluded amendment would be futile. Doc. 5 at 6 (3:18-cv-770); Doc. 6 at 2 (3:18-cv-770).

Mr. Walker's second action fares no better. Even construing Mr. Walker's latest complaint liberally, dismissal is warranted.

A federal court must inquire into subject matter jurisdiction whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

The *Rooker-Feldman* doctrine prohibits a federal district court from exercising appellate jurisdiction over a state judgment. *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In *Brown v. Coffin*, the Eleventh Circuit recently affirmed dismissal of a similar action against Director Coffin based on the *Rooker-Feldman* doctrine. 766 F. App'x 929, 932 (11th Cir. 2019). There, the plaintiff contended Director Coffin had violated his constitutional rights by obtaining orders to garnish his tax return and suspend his driver's license, and he asked the district court to stop child support enforcement until the court could "constitutionally solve" the matter. *Id.* at 931–32. The Eleventh Circuit held the district court was without jurisdiction because the harm the plaintiff sought to remedy was the state court's judgment and his success would nullify the judgment. *Id.*

Under the same rationale, this Court is without jurisdiction over Mr. Walker's latest action. His complaint makes clear he wants this Court to review and reject the 1992 child support order and 1993 default order and award him damages based on enforcement of those orders.

Mr. Walker's claim against Director Coffin in her official capacity suffers an additional problem.

An "official capacity" suit generally is another way of pleading an action against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Here, Mr. Walker's claims against Director Coffin in her official capacity are claims against the Florida Department of Revenue.

The Eleventh Amendment prohibits a federal court from exercising jurisdiction over an action against a state unless the state has consented to suit or has waived its immunity or Congress has overridden the immunity. *Cross v. State of Ala.*, 49 F.3d 1490, 1502 (11th Cir. 1995). The immunity is "in the nature of a jurisdictional bar" and should be decided early. *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996). Where the immunity applies, dismissal without prejudice for lack of jurisdiction is warranted. *Nichols v. Ala. State Bar*, 815 F.3d 726, 733 (11th Cir. 2016).

The immunity extends to a state agency or state entity functioning as an arm of the state. *Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012). The immunity extends to a state official in her official capacity if the state is the real, substantive party in interest.[1] *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990). The immunity applies whether the requested relief is legal or equitable. *Uberoi v. S. Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016).

Florida has not agreed to be sued under § 1983 for a civil rights violation. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). And Congress has not overridden a state's immunity for a § 1983 civil rights violation. *Carr*, 916 F.2d at 1525.

The Florida Department of Revenue is part of the state executive branch and administers the state's child support enforcement program established under Title IV-D of the Social Security Act.[2] Fla. Stat. § 20.21(2)(h). Eleventh Circuit "case law is clear that as a state agency, the [Florida Department of Revenue] is immune from suit under the Eleventh Amendment." *Brown v. Fla. Dep't of Rev. Office of Child Supp. Enf't*, 697 F. App'x 692, 693 (11th Cir. 2017).

The Florida Department of Revenue, sued through Director Coffin in her official capacity, is entitled to sovereign immunity here, and dismissal of Mr. Walker's claims against Director Coffin is also warranted on that ground.

There are additional reasons dismissal is warranted or likely warranted, but in the interest of judicial economy, those reasons need not be addressed. They include

---

[1]Under the *Ex Parte Young* doctrine, a suit for prospective relief to enjoin a state official from enforcing an unconstitutional act is not a suit against the state and thus is not barred by the Eleventh Amendment. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005). Here, the doctrine does not apply because Mr. Walker does not request prospective relief against Director Coffin. *See generally* Doc. 1.

[2]Part D of Title IV of the Social Security Act appropriates funds for enforcement of support obligations and requires state plans for support to include certain provisions. *See* 42 U.S.C. § 654 ("State plan for child and spousal support").

*Younger* abstention;[3] a statute-of-limitations bar for any claim that accrued four years before Mr. Walker filed the complaint;[4] an inability to sue the Florida Department of Revenue through Director Walker in her official capacity because a state agency is not a "person" under § 1983;[5] a failure to allege facts showing an act or omission deprived Walker of a right, privilege, or immunity secured by federal law; and a failure to allege facts showing an affirmative causal connection between each defendant's conduct and the alleged deprivation.[6]

A district court's discretion to dismiss a complaint without leave to amend is "severely restricted" by Federal Rule of Civil Procedure 15(a), which directs that leave to amend shall be freely given when justice so requires. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). But the court need not grant leave to amend if amendment would be futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

---

[3]A federal court will abstain from an action involving a strictly civil proceeding that implicates a state court's important interest in administering certain aspects of the state judicial system if there is an adequate opportunity in the state proceeding to raise a constitutional challenge. *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1251 (11th Cir. 2009). Although the doctrine is narrow and extraordinary, the doctrine may apply to an ongoing state proceeding involving child support. *Davis v. Self*, 547 F. App'x 927, 930 (11th Cir. 2013).

[4]Florida's four-year statute of limitations applies to a § 1983 claim. *Ellison v. Lester*, 340 F.3d 1279, 1283 (11th Cir. 2003).

[5]"[N]either the State of Florida nor its agencies are 'persons' within the meaning of § 1983." *Newton v. Duke Energy Fla., L.L.C.*, 895 F.3d 1270, 1278 (11th Cir. 2018).

[6]Under 28 U.S.C. § 1915(e)(2)(B), a court "shall" dismiss an action by a plaintiff proceeding IFP if at any time the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A plaintiff attempting to assert a claim under § 1983 must allege facts showing an act or omission deprived him of a right, privilege, or immunity secured by federal law, *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010), and an affirmative causal connection between each individual defendant's conduct and the alleged deprivation, *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).

As this Court concluded in Mr. Walker's previous action, leave to amend is unnecessary because amendment would be futile. Mr. Walker's action fails based on the threshold issues of subject-matter jurisdiction under *Rooker-Feldman* and, regarding Director Coffin, immunity under the Eleventh Amendment.

I **recommend**:

(1)     **dismissing** Mr. Walker's action without prejudice and

(2)     **denying** his motion to proceed in forma pauperis, Doc. 5, as moot.[7]

**Ordered** in Jacksonville, Florida, on September 15, 2020.

                             PATRICIA D. BARKSDALE
                             *United States Magistrate Judge*

c:     David Walker
       6915 Hafford Lane
       Jacksonville, Florida 32244

---

[7]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.